UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



To:

RE: USA vs. _Luis Ferreira_
Our Case No: _04-4217-Seltzer_
Your Case No: _04-677-(WEB)_

Dear Fellow Clerk:

Please find enclosed our original Magistrate file and a certified copy of the docket sheet which is being transferred to your jurisdiction pursuant to _Order of Removal._ (Rule 40). Any cash bond which may have been posted will be forwarded at a later date from the Financial Section of this District.

Please acknowledge receipt on the copy of this letter.

Respectfully,

CLARENCE MADDOX
CLERK, U. S. DISTRICT COURT

By _____
    Deputy Clerk  AARON A. TIGERINO

Receipt-acknowledged by: _____

                    Print Name: _____

                    Title: _____

                    Date: _____

CLOSED

U.S. District Court
FLS - Southern District of Florida FtLauderdale

CRIMINAL DOCKET FOR CASE #: 04-M -4217

USA v. Ferreira                                          Filed: 10/28/04
Assigned to: Barry S. Seltzer

Dkt # in other court: None


LUIS FERREIRA (1) , DOB:              Russell Jay Williams
2/13/67 Prisoner #57055-004            [term  11/01/04]
     defendant                        FTS 463-1245
  [term  11/01/04]                    954-525-2889
                                      Suite 4-F
                                      [COR LD NTC ret]
                                      633 SE 3rd Avenue
                                      Fort Lauderdale, FL 33301

Pending Counts:

   NONE

Terminated Counts:

   NONE

Complaints                            Disposition

18:371, 2314,2 Transportation
of stolen goods-DISTRICT OF
NEW JERSEY

U. S. Attorneys:

   NONE

------------------------------------

10/28/04 ---       ARREST of Luis Ferreira (dd) [Entry date 10/28/04]

10/28/04    1      COPY OF INDICTMENT rec'd from DISTRICT OF NEW JERSEY and
                   filed by USA as to Luis Ferreira (dd) [Entry date 10/28/04]

10/28/04    2      ORDER on Initial Appearance as to Luis Ferreira Bond set to
                   $75,000 CSB Requested . Bond Hearing set for 11:00 10/29/04
                   Removal hearing set for 11:00 10/29/04 before Magistrate
                   Barry S. Seltzer, ,  ( Signed by Magistrate Barry S.
                   Seltzer on 10/28/04) Tape # 04-072/073 CCAP (dd)
                   [Entry date 10/28/04]

10/28/04    3      ORDER as to Luis Ferreira to Unseal indictment from
                   District of New Jersey ( Signed by Magistrate Barry S.
                   Seltzer on 10/28/04) [EOD Date: 10/28/04] Tape # 04-072/073
                   CCAPl] (dd) [Entry date 10/28/04]

10/28/04    4      Minutes of Initial Appearance held on 10/28/04  before
                   Magistrate Barry S. Seltzer as to Luis Ferreira ; Defendant
                   advised of charges, will hire an atty., $75,000 Corp.
                   Surety bond requested, bond/ removal hrg set 10/29/04 at
                   11:00am Court Reporter Name or Tape #: 04-072/073 (dd)
                   [Entry date 10/28/04]

Proceedings include all events.
0:04M 4217        USA v. Ferreira                                    CLOSED

10/28/04     5      REPORT Commencing Criminal Action as to Luis Ferreira  DOB:
                    2/13/67  Prisoner # 57055-004 (dp) [Entry date 10/29/04]

10/29/04     6      CORPORATE SURETY BOND entered by Luis Ferreira in Amount $
                    75,000 setting Special Conditions: Surrender travel
                    documents; Report to PTS as directed; Submit to substance
                    testing; Refrain from use of alcohol/narcotics; Maintain
                    full-time employment; Avoid contact with Refrain from
                    possessing firearm; May travel to and from SD/FL and Distr
                    of New Jersey; Comply with additional conditions: reside at
                    current address and no involvement with telemarketing
                    Approved by Barry S. Seltzer . (at) [Entry date 11/01/04]

10/29/04     7      NOTICE of Temporary Appearance for Luis Ferreira by
                    Attorney Russell Jay Williams (at) [Entry date 11/01/04]

10/29/04     8      WAIVER OF REMOVAL HEARING of Rule 40 Hearings by Luis
                    Ferreira (at) [Entry date 11/01/04]

10/29/04     9      ORDER OF REMOVAL as to Luis Ferreira (Signed by Magistrate
                    Barry S. Seltzer on 10/29/04) [EOD Date: 11/1/04] Tape #
                    BSS-04-74-200-260-485-1140 CCAPH (at) [Entry date 11/01/04]

10/29/04     10     Minutes of Bond/Identity Hearing held on 10/29/04 before
                    Magistrate Barry S. Seltzer as to Luis Ferreira; Deft
                    present in Court, Russell Williams filed temporary
                    appearance on behalf of deft. Deft sworn/test for Bond
                    recommendation. Deft does not possess passport. Gov't
                    proffers Bond recommendation. Court sets bond of $75,000
                    CSB no nebbia. Deft waives removal. Waiver and Order of
                    Removal signed. No date set as to when deft need to appear
                    in the District of New Jersey. Court Reporter Name or Tape
                    #: BSS 04-74-200-260-485-1140 (at) [Entry date 11/01/04]

11/01/04     11     Transmittal Letter sent to District of District of New
                    Jersey in case as to Luis Ferreira. Documents Sent: Order
                    of Removal and Certified Copy of Docket Sheet (at)
                    [Entry date 11/01/04]

**COURT MINUTES**

## U.S. MAGISTRATE JUDGE BARRY S. SELTZER- FORT LAUDERDALE, FLORIDA

FILED by _____ D.C.

OCT 2 9 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

DEFT: LUIS FERREIRA (J)#57055-004

CASE NO: 04-4217-SELTZER

AUSA: BERTHA MITRANI /PRESENT.

ATTY: Rusell Williams

AGENT:

VIOL: 18:USC371 AND 18:USC 2314

PROCEEDING: BOND /IDENTITY HEARING

RECOMMENDED BOND: $75,000 CSB.

BOND HEARING HELD: yes / no

COUNSEL APPOINTED:

BOND SET @:

To be cosigned by:

- ☑ Do not violate any law.
- ☑ Appear in court as directed.
- ☑ Surrender and / or do not obtain passports / travel documents.
- ☑ Rpt to PTS as directed / or _____ATL_____ x's a week/month by phone; _____ x's a week/month in person.
- ☑ Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.
- ☑ Maintain or seek full - time employment.
- ☑ No contact with victims / witnesses.
- ☑ No firearms.
- ☐ Curfew:
- ☑ Travel extended to: SD/A & DIST OF N.J. RESIDE AT CURRENT ADDRESS
- ☐ Halfway House NO INVOLVEMENT IN TELEMARKETING.

Δ. PRESENT IN COURT, Rusell Williams FILED TEMP APPEARANCE ON BEHALF OF

Δ. SWORN/TEST FOR BOND RECOMM

Δ. DOES NOT POSSESS PASSPORT.

GOV'T PROFFERS BOND RECOMMAT

COURT SETS BOND OF $75,000 CSB
NO NEBIA.

Δ. WAIVES REMOVAL. (WAIVER AND

ORDER OF REMOVAL SIGNED).

NO DATE SET AS TO WHEN DEFT NEED TO APPEAR IN NEW JERSEY.

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN. OR REMOVAL: | | | | |
| STATUS CONFERENCE: | | | | |

DATE: 10/29/04   TIME: 11:00 A.M.   FTL/BSS TAPE # 04- 74   Begin: 200   End: 260

RECALLED 485-1140

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-4217-SELTZER

FILED by _____ D.C.

**OCT 2 9 2004**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

vs                                    ORDER OF REMOVAL

LUIS FERREIRA

It appearing that in the District of New Jersey an Indictment was filed against the above-named defendant on a charge of 18:USC 371& 18:USC 2314 that the defendant was arrested in the Southern District of Florida and was given a hearing before a United States Magistrate Judge at Fort Lauderdale, Florida, which official committed the defendant for removal to the  District of New Jersey, it is

ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of $ *75,000 CSB*                which was approved by the United States Magistrate Judge, and it is further

ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida this 29th day of October, 2004.


BARRY S. SELTZER
U. S.  MAGISTRATE JUDGE

cc:  Miami, Financial

# UNITED STATES DISTRICT COURT
## FOR THE

### SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

OCT 2 9 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF F.A. FT. LAUD.

Case No: 04-4217-SELTZER

United States of America

v                           **WAIVER OF REMOVAL HEARING**

**LUIS FERREIRA**

I , Luis Ferreira , charged in a proceeding pending in the  District of New Jersey, with violation
of 18:USC 371 and 18:USC 2314 Interstate Commerce and having been arrested in the Southern
District of Florida and taken before Barry S. Seltzer, a United States Magistrate Judge for that
district, who informed me of the charge and of my right to retain counsel or request the
assignment of counsel if I am unable to retain counsel, and to have a hearing or execute a waiver
thereof, do hereby waive a hearing before the aforementioned magistrate judge and consent to the
issuance of a warrant for my removal to the District of New Jersey where the aforesaid charge
is pending against me.

......October 29th............................., 2004    ......................................................

Signature of defendant

Barry S. Seltzer
United States Magistrate Judge

- 10/29/24

UNITED STATES OF AMERICA,  :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

v.  :

CASE NO. _O4-4217 - Seltzer_

Luis Ferreira  :

```
FILED by _____ D.C.

OCT 2 9 2004

CLARENCE MADDOX
CLERK U.S DIST. CT.
S.D. OF F.A. FT. LAUD.
```

NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL

COMES NOW _Russell J. Williams_ and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the understanding that the undersigned counsel will fulfill any

obligations imposed by the Court such as preparing and filing

documents necessary to collateralize any personal surety bond

which may be set.

Counsel's Name  (Printed) _Russell  J. Williams_

Counsel's Signature _____

Address _633 SE 3rd Ave  Ste 4F_

_Ft L    FL_        Zip Code: _33301_

Telephone ____954-525-2889____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:
CASE NO.: _04-4217-SELTZER.

UNITED STATES OF AMERICA
Plaintiff,

v.

LUIS FERREIRA.
Defendant,

```
┌─────────────────────────────┐
│ FILED by _____ D.C. │
│                             │
│    OCT 2 9 2004             │
│                             │
│   CLARENCE MADDOX           │
│   CLERK U.S. DIST. CT.      │
│   S.D. OF FLA FT. LAUD.     │
└─────────────────────────────┘
```

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ __75,000 CSB__.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

CASE NUMBER: _04-4217-SETZER_

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Luis Ferreira*

CASE NUMBER: 04-4277 Seitzer

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 29th day of *October*, 20 04, at *Fort Lauderdale*, Florida

Signed and acknowledged before me:

DEFENDANT:(Signature) _____

ADDRESS: 8310 NW 51 Manor

*Coral Springs Fl* ZIP 33064

WITNESS: _____

ADDRESS: _____ ZIP _____

TELEPHONE: 954-8-234-3234

### CORPORATE SURETY

Signed this 29 day of *October*, 20 04, at FTL, Florida

SURETY: BRANDY BAILBONDS

ADDRESS: 916 S ANDREWS AVE

FT LAUDERDALE FL ZIP 33316

AGENT:(Signature) *Mark S Nedosky*

PRINT NAME: MARK S NEDOSKY

TELEPHONE: 954-463-4333

### INDIVIDUAL SURETIES

Signed this __ day of _____, 20 __, at _____, Florida.

SURETY:(Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____ ZIP _____

TELEPHONE: _____

Signed this __ day of _____, 20 __, at _____, Florida

SURETY:(Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

ADDRESS: _____ ZIP _____

TELEPHONE: _____

### APPROVAL BY COURT

Date: 10/29/04

UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA ]<br>Plaintiff ]<br><br>-vs- ]<br><br>LUIS FERREIRA ]<br><br>Defendant | CASE NUMBER: CR. 04-677(WGB)<br>04- 4217- SEITZER.<br>REPORT COMMENCING CRIMINAL ACTION<br>57055004<br>USMS Number |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CLERK'S OFFICE        MIAMI        (FT. LAUDERDALE)        W. PALM BEACH
U.S. DISTRICT COURT                      (circle one)

CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
COURT ABOVE.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS-        INFORMATION NOT APPLICABLE ENTER N/A.

DATE & TIME OF ARREST: 10/28/04  6:40  (AM) ___ PM ___

LANGUAGE SPOKEN: _ENGLISH_

---

**POWER AMOUNT**
**$105,000.00**

POWER OF ATTORNEY

**Accredited**
Property & Casualty Insurance since 1971
400 SOUTH PARK AVENUE, SUITE 320, WINTER PARK, FL 32789-4320

POWER NO. **AF-0179318**

KNOW ALL MEN BY THESE PRESENTS: that Accredited Surety and Casualty Co., Inc., a corporation duly organized and existing under the laws of the State of Florida, has made pursuant to a Code of its By-Laws which was adopted by the Directors of the said Company on the 31st day of August, 1971 and is now in effect, does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-in-Fact for it and in its name, place, and stead, to execute, seal and deliver for an on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to **APPEARANCE BONDS ONLY** and cannot be construed to guarantee payment of fines, costs, alimony, wage claims, or any other financial obligation, nor delivery or immigration bonds on behalf of below named defendant.

This power of attorney is void if altered or erased. The obligation of the company shall not exceed the sum of

ONE HUNDREDFIVE THOUSAND, ($105,000.00) DOLLARS

and is provided this Power-of-Attorney is filed with the bond and retained as a part of the Court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, ACCREDITED SURETY AND CASUALTY CO., INC., has caused these presents to be signed by its duly authorized officer,

proper for the purpose and its corporate seal to be hereunto affixed this ___29___ day of ___OCT___, Year ___04___

Bond Amount __75,000.__ Appearance Date __TBS__

Defendant __LUIS FERREIRA__

Court __CIR-FEDERAL__ City __US SOUTH DIST__ State __FLA__

Offense __04-4217-SELTZER__

Executing Agent __Mark S Nedelsky__
__MARK S NEDELSKY__

ASC350 (05/01)

ACCREDITED SURETY AND CASUALTY CO., INC.
VOID IF NOT ISSUED BY: 12/31/2004

_Deborah Jallad_
DEBORAH JALLAD
PRESIDENT

WARNING: THIS FORM CONTAINS A COLORED BACKGROUND AND MICROPRINT SIGNATURE LINE

5

**COURT MINUTES**

## U.S. MAGISTRATE JUDGE BARRY S. SELTZER- FORT LAUDERDALE, FLORIDA

FILED by _____ D.C.

OCT 2 8 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA FT. LAUD.

DEFT:   LUIS FERREIRA (J)# **57055-004**          CASE NO:   04-4217-SELTZER

AUSA:   BERTHA MITRANI / *PRESENT.*          ATTY:   _____

AGENT:   _____          VIOL:   18:USC 371 AND 18:USC 2314

PROCEEDING:   INITIAL APPEARANCE/REMOVAL          RECOMMENDED BOND:   *$75,000 CSB*
DISTRICT OF NEW JERSEY

BOND HEARING HELD - yes / no          COUNSEL APPOINTED:   _____

BOND SET @:   _____          To be cosigned by:   _____

| | | |
|---|---|---|
| ☐ | Do not violate any law. | *GOV'T MOVES TO UNSEAL IND.* |
| ☐ | Appear in court as directed. | *COURT GRANTS PRE-TRIAL MOTION* |
| ☐ | Surrender and / or do not obtain passports / travel documents. | *INDICTMENT UNSEALED AS TO ALL* |
| ☐ | Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person. | *DEFTS. Δ. PRESENT IN COURT* |
| ☐ | Random urine testing by Pretrial Services. _____ Treatment as deemed necessary. | *WILL HIRE HIS OWN ATTORNEY.* |
| ☐ | Maintain or seek full - time employment. | *BOND HEARING AND IDENTITY HEARING* |
| ☐ | No contact with victims / witnesses. | *SET FOR TOMORROW 10-29-04 AT* |
| ☐ | No firearms. | *11:00 a.m.* |
| ☐ | Curfew: _____ | |
| ☐ | Travel extended to: _____ | |
| ☐ | Halfway House _____ | |

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | 10-29-04 | 11:00 | SELTZER. | |
| PRELIM/ARRAIGN OR REMOVAL: *IDENTITY HRG* | 10-29-04 | 11:00 | SELTZER. | |
| STATUS CONFERENCE: | | | | |

DATE:   10/28/04   TIME:   11:00 A.M.   FTL/BSS TAPE # 04 -   **72**   Begin:   **2876**   End:   **3500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs                          Case No:  04-4217-SELTZER

```
┌─────────────────────────┐
│ FILED by        D.C.    │
│                         │
│   OCT 2 8 2004          │
│                         │
│   CLARENCE MADDOX       │
│   CLERK U.S. DIST. CT.  │
│   S.D. OF F.A. FT. LAUD.│
└─────────────────────────┘
```

LUIS FERREIRA

**O R D E R**

        THIS CAUSE is before the Court for the initial appearance of the above-named

defendant(s) on a SEALED INDICTMENT.

        UPON ORAL motion of the government in open court that the case be unsealed, it is

hereby

        ORDERED AND ADJUDGED that the INDICTMENT be unsealed as to all parties.

        DONE AND ORDERED at Fort Lauderdale, Florida this 27th day of October, 2004.


                                _____
                                BARRY S. SELTZER
                                UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 04-4217-SELTZER

UNITED STATES OF AMERICA

        Plaintiff,

v.

LUIS FERREIRA

        Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**

Language   ENGLISH
Tape No.  04-
AUSA      BERTHA MITRANI
Agent



FILED by _____ D.C.

OCT 2 8 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

The above-named defendant having been arrested on 10/28/04,  having appeared before  the court for initial appearance on 10/28/04 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
   Address: _____ Zip Code: _____
   Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at _11:00_ on _10/29/04_ before Judge _SELTZER._
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10-29-04_ at _11:00_ before Judge _SELTZER._
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____ A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at _____ before Judge _____.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond,  pursuant to 18 U.S.C. Section 3142: _____ This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
   ___a. Surrender all passports and travel document to the Pretrial Services Office.
   ___b. Report to Pretrial Services as follows: _____as directed; _____times a week /month by phone, _____times a week/month_____in person;  other:_____
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed  substances prohibited by law.
   ___d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____
   ___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.



_j. Comply with the following additional special conditions of this bond:_____

_____

bond was set: At Arrest _____

On Warrant _____

After Hearing _____

If  bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the    conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and    revocation of release and to various civil and criminal sanctions for any violation of those  conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond  has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Ft. Lauderdale, Florida this 28th day of  October, 2004.

BARRY S. SELTZER
UNITED STATES MAGISTRATE

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

SAL2000R00388

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA  :    Hon. *04-4217-SEITZER*.

:
v.    :
:    Crim. No. *04-677 (WGB)*
:
LUIS FERREIRA,    :    18 U.S.C. §§ 371, 2314 and 2
CHRISTOPHER HEINS and    :
ANTHONY CARUSO, JR.    :    **INDICTMENT**

The United States Grand Jury in and for the District of New Jersey, sitting in

Newark, charges that:

### COUNT ONE

1.    At all times relevant to this Indictment:

    a.    Richard Dyson, a co-conspirator not named as a defendant herein, who

was a New Jersey resident who worked in the Management Information Systems (hereafter

"MIS") departments of telemarketing companies.

    b.    Civic Development Group (hereafter "CDG"), a telemarketing firm which

conducted organized fund-raising campaigns for charities and organizations, was located in

Edison, New Jersey, among other places.

    c.    Community Affairs Incorporated, a/k/a Powertel, Inc., (hereafter "CAI"), a

telemarketing company which was one of CDG's competitors, was located in Woodbridge, New

Jersey, among other places.

    d.    Defendant LUIS FERREIRA was a co-owner of CAI and was an



organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive.

        e.      Defendant CHRISTOPHER HEINS was a co-owner of CAI and was an organizer and leader of a criminal activity that involved five or more participants and was otherwise extensive.

        f.      Defendant ANTHONY CARUSO, JR. worked in the MIS department at CAI.

        g.      Telemarketing companies such as CAI and CDG often devoted a significant portion of their resources to develop and maintain a customer database containing the names of individuals who had donated to telemarketing campaigns in the past. When the telemarketing companies conducted a telemarketing campaign for a particular entity, they created calling lists of names drawn from the main customer database. This customer database was very valuable to telemarketing companies because if an individual was a known prior donor, that is, someone who had donated money to a telemarketing campaign in the past, that individual was more likely to give to another campaign in the future than someone who had never given before.

        h.      Over the course of several years, CDG developed a database that contained the names of several million prior donors which greatly enhanced its ability to earn money through telemarketing. This database was CDG's most valuable asset and constituted proprietary information.

        i.      Telemarketing companies such as CAI and CDG usually entered into contracts with the organizations for which they raised money. Many of the telemarketing companies, including CAI, contracted to provide the organization a minimum amount of money

2

per year or a percentage of the gross amount of money raised by the telemarketing campaign, generally ranging from ten to fifteen percent, whichever was greater.   Another type of contract employed by CAI provided a straight percentage contract with no guarantee to raise a minimum amount of money.   CAI contracts generally provided that CAI would retain between eighty and ninety percent of the total amount raised during the campaign.   From the proceeds received by CAI, the company paid its expenses which included, among other things, the cost of mailings which were sent to a donor after the donor made a promise to contribute during a telemarketing call, telephone bills, and telemarketers' salaries.

            j.      Using proprietary information taken from CDG, CAI conducted many campaigns for charities including the Children's Cancer Assistance Network (hereinafter "Children's Cancer") which also did business under other names, including Tomorrow's Abundance and Abundant Life Foundation, Inc.   CAI conducted campaigns to raise money for Children's Cancer in several states, including Maryland, Louisiana, Georgia and Mississippi.   For example, from October 1999 to June 2001 CAI raised approximately $1.4 million nationwide in the name of Children's Cancer.   CAI retained approximately $1.3 million of the total money raised and Childrens Cancer received the remainder, approximately $135,000.

            k.      Approximately six million donor names and telephone numbers were taken from CDG.   This information had a fair market value of approximately 3.6 million dollars.

            l.      The offenses set forth below involved more than minimal planning.

### The Conspiracy

      2.      From at least in or about May 1999 to the present in the District of New Jersey, and elsewhere, the defendants,

3

LUIS FERREIRA,
CHRISTOPHER HEINS and
ANTHONY CARUSO, JR.,

did knowingly and willfully conspire and agree with each other, with Richard Dyson and with

others to transport in interstate commerce goods and merchandise, primarily calling lists

constituting proprietary information, having a value in excess of $5,000, knowing the same to

have been stolen, contrary to Title 18, United States Code, Section 2314.

### The Object of the Conspiracy

3.      The object of the conspiracy was to steal calling lists from CDG which contained

proprietary information and which greatly enhanced the defendants' ability to make money for

themselves and for CAI.

### The Manner and Means of the Conspiracy

4.      It was part of this conspiracy that in or about May or June 1999, defendant LUIS

FERREIRA contacted Richard Dyson, who was then working in the MIS department at CDG, to

discuss the possibility of Richard Dyson going to work for defendants LUIS FERREIRA and

CHRISTOPHER HEINS at CAI.

5.      It was further part of the conspiracy that while Richard Dyson was still working

for CDG, defendant LUIS FERREIRA asked Richard Dyson to steal CDG's proprietary customer

database which was stored in CDG's Woodbridge, New Jersey office.  In or about July 1999,

defendant LUIS FERREIRA instructed a CAI employee to purchase a thirty (30) gigabyte

external data drive and blank cartridges to facilitate the copying of CDG's database and provide

them to Richard Dyson.

6.      It was further part of the conspiracy that Richard Dyson copied portions of CDG's

4

database to the cartridges and delivered the stolen proprietary information to CAI employees who then uploaded it to CAI's computer system which was located in Woodbridge, New Jersey.

7.    It was further part of the conspiracy that in or about August 1999, Richard Dyson was hired to work for CAI's MIS department.   In addition to performing the normal duties required of him at CAI, defendants LUIS FERREIRA and CHRISTOPHER HEINS instructed Richard Dyson to work at home organizing the data taken from CDG.

8.    It was further part of the conspiracy that defendants LUIS FERREIRA, CHRISTOPHER HEINS and ANTHONY CARUSO, JR. would contact Richard Dyson at his home and instruct him to send to CAI calling lists containing names taken from CDG's customer database which targeted individuals living in a particular region or state.

9.    It was further part of the conspiracy that once the information was organized by Richard Dyson, it was then sent from his personal e-mail account to CAI.   In or about September 1999, Richard Dyson received a zip drive from CAI which he thereafter used to provide CAI with zip disks containing the above-described calling lists on a weekly basis.

10.    It was further part of the conspiracy that in or about January 2000, defendant LUIS FERREIRA instructed Richard Dyson to work full time from his home so that Richard Dyson could provide CAI with more information from CDG's proprietary customer database. Defendant LUIS FERREIRA arranged for Richard Dyson to use a modem connection which allowed him to directly dial from home into the computer system at CAI.

11.    It was further part of the conspiracy that for several months, Richard Dyson provided CAI with approximately three hundred thousand (300,000) names per week of individuals which had been taken from CDG's database.

12.     It was further part of the conspiracy that in addition to his regular salary, Richard Dyson was paid by defendants LUIS FERREIRA and CHRISTOPHER HEINS for providing the proprietary information which belonged to CDG.

13.     It was further part of the conspiracy that once the stolen proprietary information was received by CAI and uploaded to its computer system by ANTHONY CARUSO JR. and others in the MIS department, it would be distributed to CAI's call centers which were located in Georgia and West Virginia, among other places, and used for telemarketing.

## Overt Acts

In furtherance of the conspiracy and to effect its object, the following overt acts were committed in the District of New Jersey and elsewhere:

14.     On or about July 19, 1999, at the request of defendant LUIS FERREIRA, an employee of CAI purchased a 30 gigabyte external drive and three tape cartridges which were given to Richard Dyson so that he could copy portions of CDG's customer database.

15.     On or about July 20, 1999, Richard Dyson began to copy portions of CDG's customer database.

16.     In or about July or August 1999, Richard Dyson met a CAI employee at a parking lot and delivered a cartridge filled with calling lists containing information that Richard Dyson had taken from CDG.

17.     On or about November 17, 1999, CAI employees at the call center in Keyser, West Virginia began a telemarketing campaign titled "CHILDRENS CANCER MD SP1." At the direction of defendants LUIS FERREIRA and CHRISTOPHER HEINS, defendant ANTHONY CARUSO, JR. and other employees in the MIS department in Woodbridge, New

6

Jersey uploaded calling lists from the Woodbridge, New Jersey computer network to the auto-dialer located in Keyser, West Virginia.   The calling lists were comprised of names and telephone numbers that Richard Dyson had taken from CDG.

      18.     On or about December 27, 1999, CAI employees at the call center in Keyser, West Virginia began a telemarketing campaign titled "CHILDRENS CANCER LA SP1." At the direction of defendants LUIS FERREIRA and CHRISTOPHER HEINS, defendant ANTHONY CARUSO, JR. and other employees in the MIS department uploaded calling lists from the Woodbridge, New Jersey computer network to the auto-dialer located in Keyser, West Virginia. The calling lists were comprised of names and telephone numbers that Richard Dyson had taken from CDG.

      19.     On or about January 11, 2000, CAI employees at the call center in Keyser, West Virginia began a telemarketing campaign titled "CHILDRENS CANCER GA SP1." At the direction of defendants LUIS FERREIRA and CHRISTOPHER HEINS, defendant ANTHONY CARUSO, JR. and other employees in the MIS department uploaded calling lists from the Woodbridge, New Jersey computer network to the auto-dialer located in Keyser, West Virginia. The calling lists were comprised of names and telephone numbers that Richard Dyson had taken from CDG.

      20.     On or about January 14, 2000, CAI employees at the call center in Keyser, West Virginia began a telemarketing campaign titled "CHILDRENS CANCER MS SP1." At the direction of defendants LUIS FERREIRA and CHRISTOPHER HEINS, defendant ANTHONY CARUSO, JR. and other employees in the MIS department uploaded calling lists from the Woodbridge, New Jersey computer network to the auto-dialer located in Keyser, West Virginia.

7

The calling lists were comprised of names and telephone numbers that Richard Dyson had taken from CDG.

     21.     On or about March 3, 2000, defendant ANTHONY CARUSO, JR., and other CAI employees in the MIS department in Woodbridge, New Jersey, received and opened computer files containing names and telephone numbers which had been taken from CDG's customer database. This information had been uploaded to CAI by Richard Dyson from his home computer.

     In violation of Title 18, United States Code, Section 371.

## COUNT TWO

1.     Paragraphs 1 and 4 through 17 of Count One are realleged and incorporated herein.

2.     On or about November 17, 1999, in the District of New Jersey, and elsewhere, the defendants,

LUIS FERREIRA,
CHRISTOPHER HEINS and
ANTHONY CARUSO, JR.,

did knowingly and willfully transport in interstate commerce goods and merchandise, primarily calling lists constituting proprietary information, having a value in excess of $5,000, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

9

## COUNT THREE

1.      Paragraphs 1, 4 through 16, and 18 of Count One are realleged and incorporated

herein.

2.      On or about December 27, 1999, in the District of New Jersey, and elsewhere, the

defendants,

LUIS FERREIRA,<br>
CHRISTOPHER HEINS and<br>
ANTHONY CARUSO, JR.,

did knowingly and willfully transport in interstate commerce goods and merchandise, primarily

calling lists constituting proprietary information, having a value in excess of $5,000, knowing the

same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

10

## COUNT FOUR

1.      Paragraphs 1, 4 through 16, and 19 of Count One are realleged and incorporated

herein.

2.      On or about January 11, 2000, in the District of New Jersey, and elsewhere, the

defendants,

LUIS FERREIRA,
CHRISTOPHER HEINS and
ANTHONY CARUSO, JR.,

did knowingly and willfully transport in interstate commerce goods and merchandise, primarily

calling lists constituting proprietary information, having a value in excess of $5,000, knowing the

same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

11

## COUNT FIVE

1.      Paragraphs 1, 4 through 16, and 20 of Count One are realleged and incorporated herein.

2.      On or about January 14, 2000, in the District of New Jersey, and elsewhere, the defendants,

LUIS FERREIRA,
CHRISTOPHER HEINS and
ANTHONY CARUSO, JR.,

did knowingly and willfully transport in interstate commerce goods and merchandise, primarily calling lists constituting proprietary information, having a value in excess of $5,000, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2314 and 2.

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

Certified as a true copy on
This Date: 10/26/04
By _____
(   ) Clerk
( X ) Deputy

12